```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


SANDRA C. ROSSIGNOL, wife                         CIVIL ACTION
of/and MIKEAL ROSSIGNOL


VERSUS                                            NO: 10-3044


JASON MICHAEL TILLMAN ET AL                       SECTION: R
```

## ORDER & REASONS

Before the Court is defendants', Denham Holdings, LLC and Towing and Recovery Professionals of Louisiana Trust, unopposed motion to set aside entries of default against them. For the following reasons, the Court GRANTS defendants' motion.


## I.   BACKGROUND

On October 7, 2008, plaintiff Mikeal Rossignol was driving west on the I-10 in Orleans Parish when a tow truck owned by defendant R&S Towing Inc. of Chalmette and driven by defendant Jason Tillman allegedly struck the rear of Rossignol's vehicle.[1] Rossignol alleges that the rear-end collision forced him off the highway and caused him to hit a truck parked on the Interstate.[2] Plaintiffs allege that at the time of the accident, Tillman and R&S Towing were insured by Towing and Recovery Professionals of Louisiana Trust (erroneously referred to as Towing and Recovery Professionals of Louisiana, Inc.) and Denham Holdings, LLC (d/b/a

---

[1]  R. Doc. 1-4 at 19.

[2]  *Id.* at 19-20.

Performance Insurance Agency).[3]

On September 13, 2010, defendant Underwriters at Lloyd's London removed the action to this Court under the Convention of the Recognition of Foreign Arbitral Awards, 9 U.S.C. § 205.[4]  On January 11, 2011, after Towing and Recovery Professionals of Louisiana Trust, Denham Holdings, LLC, and several other defendants failed to answer plaintiffs' complaint, the Court entered defaults against them.[5]  On January 27, 2011, Denham Holdings and Towing and Recovery Professionals filed this motion to set aside the entries of default against them.[6]

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default "for good cause shown."  Fed. R. Civ. P. 55(c).  Good cause, for purposes of Rule 55(c), "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely. *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992); *see also United States v. One Parcel of Real Property*, 763 F.2d 181,

---

[3]  *Id.* at 20.

[4]  R. Doc. 1.

[5]  R. Doc. 16.

[6]  R. Doc. 17.

183 (5th Cir. 1985) (explaining that the standard to set aside an entry of default is less rigorous than the "excusable neglect" standard for setting aside a default judgment under Rule 60(b)). To determine whether good cause has been shown, a district court should consider (1) whether the default was willful, (2) whether setting aside the default would prejudice the adversary, and (3) whether the defaulting party has presented a meritorious defense to the claims against it. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Dierchke*, 975 F.2d at 183. These factors are, however, nonexclusive, and a court may also consider additional factors, such as whether the public interest is implicated by the default, whether there was a significant financial loss to the defendant, and whether the defendant moved expeditiously to cure the default. *Dierschke*, 975 F.2d at 184. All of these factors should be viewed against the background principles that cases should, if possible, be resolved on the merits and that defaults are generally disfavored. *See Lacy*, 227 F.3d at 292 ("[F]ederal courts should not be agnostic with respect to entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'") (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)); *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991) ("The Federal Rules are

diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits.  Strict enforcement of defaults has no place in the Federal Rules....").

## III. DISCUSSION

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  In this case, the Court entered orders of default against the defendants on January 11, 2011.  Defendants' attorney testifies that each defendant timely filed an exception in state court, but that the exceptions were continued without date and have not yet been heard.[7]  Defendants' attorney, therefore, asserts that these motions are still pending.[8]  "A case removed from state court simply comes into the federal system in the same condition in which it left the state system." *NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1264 (5th Cir. 1994) (quoting *Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992)); *see also McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir. 1986) (stating that when a case is

---

[7]  R. Doc. 17 at 3; R. Doc. 17-2; R. Doc. 17-3

[8]  R. Doc. 17 at 3.  The Court notes that these motions were not filed by Underwriters at Lloyd's London in connection with its notice of compliance with 28 U.S.C. 1447(b).

diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits.  Strict enforcement of defaults has no place in the Federal Rules....").

## III. DISCUSSION

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  In this case, the Court entered orders of default against the defendants on January 11, 2011.  Defendants' attorney testifies that each defendant timely filed an exception in state court, but that the exceptions were continued without date and have not yet been heard.[7]  Defendants' attorney, therefore, asserts that these motions are still pending.[8]  "A case removed from state court simply comes into the federal system in the same condition in which it left the state system." *NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1264 (5th Cir. 1994) (quoting *Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992)); *see also McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir. 1986) (stating that when a case is

---

[7]  R. Doc. 17 at 3; R. Doc. 17-2; R. Doc. 17-3

[8]  R. Doc. 17 at 3.  The Court notes that these motions were not filed by Underwriters at Lloyd's London in connection with its notice of compliance with 28 U.S.C. 1447(b).

removed from state court to federal court, "[t]he federal court takes the case as it finds it on removal and treats everything that occurred in state court as if it had taken place in federal court"); 16 James Wm. Moore et al., Moore's Federal Practice § 107.31 n.14 (citing *Sun Forest Corp. v. Shvili*, 152 F. Supp. 2d 367, 387 (S.D.N.Y. 2001)) (pending motions in state court are treated as if filed in federal court because the district court must give effect to all actions and procedures accomplished in state court before removal).  Because defendants filed motions in state court that were pending at the time of removal, defendants did not fail "to plead or otherwise defend" against plaintiffs' action and entry of default was improper.

Additionally, under a "good cause" analysis, several considerations weigh strongly in favor of setting aside the entries of default.  For the reasons discussed above, the default was not willful.  The litigation is in its early stages, and plaintiffs do not dispute that they will not suffer prejudice if the entries of default are set aside.  Further, the defendants have presented a potentially meritorious defense to plaintiffs' claims- that they are not insurance companies or insurers under Louisiana law, and thus they are not subject to the Louisiana Direct Action Statute, La. Rev. Stat. § 22:655.  In addition, the defendants moved expeditiously to address the entries of default.  Defendants filed this motion less than three weeks after the

5

Court entered the defaults against them. Accordingly, the Court finds that the defendants have shown good cause for setting aside the entries of default against them.

The Court also notes that after entering defaults against the defendants, plaintiffs filed an amended complaint adding Ace American Insurance Company as a defendant.[9] An amended complaint supersedes the original complaint, and the original complaint has no legal effect except to the extent that it is incorporated by reference into the amended complaint. *See Easton v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (noting that it is well settled in the Fifth Circuit that an amended complaint supersedes the original complaint); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). The defaults were entered on account of defendants' failure to respond to the second supplemental and amending petition; however, because the petition is superseded by plaintiffs' third supplemental and amending petition, the Court grants defendants' motion to set aside the entries of default. *See, e.g., Greater St. Louis Constr. Laborers Welfare Fund v. A.G. Mack Contracting Co.*, No. 08-1947, 2009 WL 2916841, at *1 (E.D. Mo. Sept. 4, 2009) (setting aside entry of default because

---

[9] R. Doc. 28.

plaintiff filed an amended complaint); *United States ex rel. SimplexGrinnel, L.P. v. Aegis Ins. Co.*, No. 08-1728, 2009 WL 577286, at *1-2 (M.D. Pa. Mar. 5, 2009) (setting aside entry of default because after plaintiff filed an amended complaint, "the original complaint no longer exists").

**IV. CONCLUSION**

For the forgoing reasons, the Court GRANTS the defendants' motion. The defendants are ORDERED to refile any motions that were pending in state court at the time of removal in proper form and in accordance with Local Civil Rule 7.

New Orleans, Louisiana, this __24th__ day of March, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE