UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SANDRA C. ROSSIGNOL, wife                    CIVIL ACTION
of/and MIKEAL ROSSIGNOL


VERSUS                                       NO: 10-3044


JASON MICHAEL TILLMAN ET AL.                 SECTION: R

<u>**ORDER & REASONS**</u>

Before the Court is Viking Insurance Company of Wisconsin's unopposed motion to set aside the entry of default against it. Because the Court finds that the defendant has shown "good cause" to set aside the entry of default, the Court GRANTS defendant's motion.


**I.    BACKGROUND**

On October 7, 2008, plaintiff Mikeal Rossignol was driving west on the I-10 in Orleans Parish when a tow truck owned by defendant R&S Towing Inc. of Chalmette and driven by defendant Jason Tillman allegedly struck the rear of Rossignol's vehicle.[1] Rossignol alleges that the rear-end collision forced him off the highway and caused him to hit a truck parked on the Interstate.[2] Plaintiffs allege that at the time of the accident, Tillman was insured by Viking.[3]

---

[1]  R. Doc. 19-2 at 20.

[2]  *Id.*

[3]  *Id.* at 7-8.

On September 13, 2010, defendant Underwriters at Lloyd's London removed the action to this Court under the Convention of the Recognition of Foreign Arbitral Awards, 9 U.S.C. § 205.[4]  On January 11, 2011, the Court entered a default against Viking.[5] On February 10, 2011, Viking filed this motion to set aside the entry of default against it.[6]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default "for good cause shown."  Fed. R. Civ. P. 55(c).  Good cause, for purposes of Rule 55(c), "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992); *see also United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985) (explaining that the standard to set aside an entry of default is less rigorous than the "excusable neglect" standard for setting aside a default judgment under Rule 60(b)). To determine whether good cause has been shown, a district court

---

[4]  R. Doc. 1.

[5]  R. Doc. 16.

[6]  R. Doc. 19.

should consider (1) whether the default was willful, (2) whether
setting aside the default would prejudice the adversary, and (3)
whether the defaulting party has presented a meritorious defense
to the claims against it.  *Lacy v. Sitel Corp.*, 227 F.3d 290, 292
(5th Cir. 2000); *Dierchke*, 975 F.2d at 183.  These factors are,
however, nonexclusive, and a court may also consider additional
factors, such as whether the public interest is implicated by the
default, whether there was a significant financial loss to the
defendant, and whether the defendant moved expeditiously to cure
the default.  *Dierschke*, 975 F.2d at 184.  All of these factors
should be viewed against the background principles that cases
should, if possible, be resolved on the merits and that defaults
are generally disfavored.  *See Lacy*, 227 F.3d at 292 ("[F]ederal
courts should not be agnostic with respect to the entry of
default judgments, which are 'generally disfavored in the law'
and thus 'should not be granted on the claim, without more, that
the defendant had failed to meet a procedural time
requirement.'") (quoting *Mason & Hanger-Silas Mason Co. v. Metal
Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)); *Amberg v.
Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991) ("The
Federal Rules are diametrically opposed to a tyranny of
technicality and endeavor to decide cases on the merits.  Strict
enforcement of defaults has no place in the Federal Rules....").

## III. DISCUSSION

Viking has shown "good cause" to set aside the entry of
default against it.  Fed. R. Civ. P. 55(c).  First, the Court
finds that Viking's default was not willful.  Lana Dawson's
affidavit provides that Viking's failure to respond was the
result of her mistaken belief that informing plaintiff's attorney
that Viking did not insure Tillman was sufficient to protect the
interests of Viking.  Dawson testifies that after receiving
notice of plaintiffs' claims, she called plaintiffs' attorney to
inform him that a policy insuring Tillman could not be located.[7]
Dawson left a message, but did not receive a returned phone call
from plaintiffs' attorney.  Dawson further testifies that she
then mailed a letter to plaintiffs' attorney advising him that
she had searched the system and could not locate a policy issued
to Tillman.[8]  Dawson asked that plaintiffs' attorney either
contact her with additional information, or dismiss Viking from
the suit.[9]  Dawson claims that she did not receive a response
from plaintiffs' attorney.[10]  Dawson testifies that after she
received no response, she assumed plaintiffs were not pursuing

---

[7]   R. Doc. 19-1 at 2.

[8]   *Id.* at 3.

[9]   R. Doc. 19-3.

[10]   R. Doc. 19-1 at 3.

their claims against Viking.[11]  Dawson acknowledges that a timely responsive pleading should have been filed to plaintiffs' complaint, and that the failure to do so was her mistake.  Based on the evidence in the record, the Court finds that Viking's default was not willful.

Several other considerations weigh strongly in favor of setting aside the entry of default.  The litigation is in its early stages, and plaintiffs do not dispute that they will not suffer prejudice if the entry of default is set aside.  Further, Viking has presented a potentially meritorious defense to plaintiffs' claims- that it did not issue an insurance policy to Tillman.  In addition, Viking moved expeditiously to cure its default.  Viking filed this motion less than one month after the Court entered default against it.  The Court, therefore, finds that Viking has shown good cause for setting aside the entry of default.

## IV.   CONCLUSION

For the forgoing reasons, the Court GRANTS the defendant's motion.

New Orleans, Louisiana, this __30th__ day of March, 2011.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[11]   *Id.*