```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


SANDRA C. ROSSIGNOL, wife              CIVIL ACTION
of/and MIKEAL ROSSIGNOL


VERSUS                                 NO: 10-3044


JASON MICHAEL TILLMAN ET AL            SECTION: R
```

## ORDER & REASONS

Before the Court is defendant Underwriters at Lloyd's London's motion to dismiss on the grounds that the claims asserted against it are subject to arbitration.[1] Also before the Court is plaintiffs' motion to remand.[2] For the following reasons, the Court GRANTS defendant's motion to dismiss, and GRANTS plaintiffs' motion to remand.

## I.   BACKGROUND

On October 7, 2008, plaintiff Mikeal Rossignol was driving west on the I-10 in Orleans Parish when a tow truck owned by defendant R&S Towing Inc. of Chalmette and driven by defendant Jason Tillman allegedly struck the rear of Rossignol's vehicle.[3] Rossignol alleges that the rear-end collision forced him off the highway and caused him to hit a truck parked on the Interstate.[4]

---

[1] R. Doc. 38.

[2] R. Doc. 48.

[3] R. Doc. 1-4 at 19.

[4] *Id.*

Plaintiffs sued Tillman, R & S Towing and its insurer Towing and Recovery Professionals of Louisiana Trust ("TRPLT") in state court.[5]  Plaintiffs later filed an amended petition adding Lloyd's London, reinsurers of TRPLT, as a defendant.[6]

On September 13, 2010, Lloyd's London removed the action to this Court under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 205.[7]  Lloyd's London now moves to dismiss the claims asserted against it on the grounds that plaintiffs' claims arise out of reinsurance contracts containing arbitration provisions.  Plaintiffs do not oppose the merits of defendant's motion to dismiss and assert only that dismissal should be without prejudice.  Additionally, plaintiffs move to remand all remaining claims in this action to state court.  Plaintiffs' motion to remand is also unopposed.

## II. DISCUSSION

### A) Motion to Dismiss

An arbitration agreement falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards when it "aris[es] out of a legal relationship, whether contractual or not, which is considered as commercial" and is not "entirely

---

[5]  *Id.* at 18.

[6]  *Id.* at 5-6.

[7]  R. Doc. 1.

between citizens of the United States." 9 U.S.C. § 202. Further, a court with jurisdiction under the Convention Act may direct that arbitration be held in accordance with the agreement. *Id.* § 206. The United States Court of Appeals for the Fifth Circuit has stated that "[i]n determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004) (citing *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002)). Specifically, the court should compel arbitration when "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Id.* (internal quotations omitted). If these requirements are met, the Court must order arbitration unless the "agreement is null and void, inoperative or incapable of being performed." *Id.*

Here, it is undisputed that the four requirements are met. First, Lloyd's London has submitted the reinsurance contract containing an agreement to arbitrate "any dispute arising out of the interpretation, performance or breach of this Contract."[8] Second, the agreement provides for arbitration in the United States, a Convention signatory nation. Third, the reinsurance

---

[8] R. Doc. 1-5, Ex. B at 10.

contract arises out of a commercial legal relationship. *See* 9 U.S.C. § 202 (defining a commercial legal relationship as "including a transaction, contract, or agreement described in section 2"- that is, either a maritime transaction or a contract involving commerce). Fourth, Lloyd's London, a party to the agreement, is not an American citizen. Further, the parties do not suggest that the agreement is null and void, inoperative or incapable of being performed. Accordingly, the Court finds that plaintiffs' claims against Lloyd's London are subject to arbitration.

Additionally, Lloyd's London asserts that the Court should dismiss, rather than stay, plaintiffs' claims against it. Section 3 of the FAA provides that a court shall "on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." *Id.* § 3. The Fifth Circuit has held, however, that dismissal of a case is proper in some instances. *See Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678-79 (5th Cir. 1999) (holding district court acted within its discretion in dismissing case without prejudice when all issues raised were subject to arbitration); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration); *Gray v.*

4

*Sage Telecom, Inc.*, 410 F. Supp. 2d 507, 512-13 (N.D. Tex. 2006) (dismissing without prejudice claims subject to arbitration, while remanding plaintiff's state law claims). Here, the reinsurance contract requires any dispute arising out of the interpretation, performance or breach of the contract to be submitted to arbitration and "[t]he decision of any two arbitrators when rendered in writing shall be final and binding."[9] Plaintiffs do not dispute that it is appropriate to dismiss, rather than stay, their claims against Lloyd's London. Accordingly, the Court dismisses plaintiffs' claims against Lloyd's London without prejudice.

### B) Motion to Remand

Plaintiffs move to remand all remaining claims to state court on the grounds that all federal claims have been dismissed. No party has filed an opposition to plaintiffs' motion to remand.

A district court may decline to exercise supplemental jurisdiction over a state law claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling

---

[9] *Id.*

reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The Court has wide discretion to dismiss state law claims after dismissing all federal claims. *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999). The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Smith v. Amedisys, Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002) (quoting *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). This rule, however, "is neither mandatory nor absolute." *Smith*, 298 F.3d at 447. In addition to the statutory provisions of section 1367(c), the Court must balance the factors of judicial economy, convenience, fairness and comity. *Id.* at 446.

Here, federal jurisdiction was based solely on the applicability of the Convention to plaintiffs' claims against Lloyd's London. All claims against Lloyd's London have been dismissed. Only state law claims remain, and the Court has no independent basis for jurisdiction over them. The Court has not yet addressed the merits of these claims, and as they exclusively involve issues of state law, principles of comity weigh in favor of allowing a state forum adjudicate them. The Court therefore finds that the rule counseling against the exercise of supplemental jurisdiction over state-law claims when no federal claims remain applies in this case. Accordingly, the Court

grants plaintiffs' motion to remand.

**III. CONCLUSION**

For the forgoing reasons, the Court GRANTS defendant's motion to dismiss, and GRANTS plaintiffs' motion to remand.

New Orleans, Louisiana, this __16th__ day of June, 2011.


_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE